Filing # 97437805 E-Filed 10/17/2019 12:30:13 PM

DATE: 10-29-19
HOUR: 10:15A

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR ST.
JOHNS COUNTY, FLORIDA

Delores Sawl
     Plaintiff,

vs.

               CASE NO: CA19-1527
               DIV:

Stryker Corporation of Michigan
     Defendant,
_____/

  COMES NOW the Plaintiff, Delores Sawl ("Plaintiff" or "Sawl") by and through her undersigned counsel, files this Complaint against the Defendant Stryker Corporation of Michigan ("Defendant" or "Stryker") and states and alleges as follows:

## PREFATORY ALLEGATIONS

1. This is an action for damages in excess of $15,000.00.

2. Plaintiff is an individual and a resident of the St Johns County, State of Florida.

2. Upon information and belief, Defendant has committed a tort in the State of Florida, in particular, St. Johns County.

3. Upon information and belief, Styker is a foreign profit corporation that sells and/or distributes its products in the State of Florida among other States.

4. Upon information and belief, Stryker's registered agent for the State of Florida is:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

5. At all times mentioned herein, Stryker designed and manufactured medical implants for use by ultimate consumers as including, but not limited to, orthopedic implants.

6. On or about May 2, 2018 Plaintiff suffered a fall and fractured her femur.

7. On or about May 3, 2018, Plaintiff, through Flagler Hospital purchased a Stryker Implant # 3R1.5Ti 3430-1400 11x400mm-130right StrykerCE0123K 071F15 ("Stryker Pin")

8. On or about May 3, 2018, Dr. Haycook at Flagler Hospital received and installed this medical device directly to Plaintiff's fractured femur in St Johns County, Florida.

9. On or about September 1, 2018, the Plaintiff was receiving postoperative care from Dr. Haycook at Flagler Hospital. While performing basic prescribed therapeutic movements the following happened:

> Plaintiff was under the care and supervision of a licensed physician when the femur pin produced by Stryker broke without warning causing Plaintiff great harm, sustaining additional injuries and reinjuring injuries which had been remedied via surgery, a broken leg which required surgery. As a direct result of this product malfunction Plaintiff sustained the injuries hereinafter more fully alleged.

9. Immediately prior to the time Plaintiff sustained such injuries, Plaintiff is informed and believes and in reliance thereon alleges that the product, Stryker Pin, was then in the condition existing when Stryker sold and delivered it to Plaintiff's original operating room in Flagler Hospital, and in the same condition existing when Plaintiff's Dr. Haycook received and implanted the product into the Plaintiff.

10. Plaintiff is informed and believes, and in reliance thereon, alleges that the same condition of the product existed when Stryker sold and delivered it to Flagler Hospital and the condition of the product remained unchanged when Plaintiff first recovered from the surgery implanting it, to the time injuries were sustained while using it.

11. On or about November 11, 2018 the defective Stryker Pin was removed, and a full hip replacement had to be performed by Dr. Frykberg at Baptist Medical Center.

12. As a direct and proximate result of the failure of the Stryker Pin, Plaintiff suffered severe permanent personal injuries, physical and mental pain and suffering, loss of earnings and impairment of earning capacity. In addition, Plaintiff sustained medical expenses and *will* incur such expenses in the future.

## COUNT I STRICT PRODUCTS LIABILITY AGAINST DEFENDANT STRYKER

13. Plaintiff incorporates and realleges herein by reference paragraphs 1 through 12 as if fully set forth herein.

14. Defendant designed, manufactured, assembled, inspected, tested, distributed and sold the subject medical device so as to render the subject medical device defective and unsafe for their intended use.

15. Defendant's design, manufacturing, assembling, inspection, distribution and sale of the subject medical device caused the defective and unsafe condition as alleged herein.

16. When the Plaintiff sustained injuries alleged above, the Stryker product was in a defective condition unreasonably dangerous to a user or consumer in that it was unfit, unsafe, not usable for the purpose for which it was intended, dangerous and defective in nature, design, and materials, defective in manufacture.

17. Such condition was not observable by Plaintiff who, lacking the technical knowledge and skills, required to examine or determine said defects described above, relied on the duty of Stryker to deliver the medical product at the time of implantation in a condition fit for use for the purpose intended and in a safe and operable condition.

18. The breach of such duty by Stryker, and such defective condition of Stryker's Medical product, was a proximate cause of injuries so sustained by Plaintiff.

WHEREFORE, The Plaintiff prays for relief as follows: That the Court adjudge and decree that the Defendant has engaged in the conduct herein and that damages be awarded, including costs; and such relief as is further appropriate.

Jury Trial is demanded on all counts.

Respectfully submitted:

NAPLES & SPENCE, Attorneys at Law, PLL
2807 North Tenth Street, Suite 7
St. Augustine, Florida 32084
Phone: (904) 657-7117
Fax: (904) 429-1351
**DESIGNATED SERVICE EMAIL: Service@NaplesAndSpenceLaw.com**


/s/John J. Spence
_____
John J. Spence
Florida Bar No. 70724
David D. Naples
Florida Bar No. 99064