**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DELORES SAWL,

    Plaintiff,

vs.                                                     Case No. 3:19-cv-1386-J-34PDB

HOWMEDICA OSTEONICS CORP.,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Additionally, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. See, e.g., McCormick v. Aderholt, 293 F.3d

1254, 1257 (11th Cir. 2002) (citing Scoggins v. Pollock, 727 F.2d 1025, 1027 (11th Cir. 1984).

On November 27, 2019, Defendant Stryker Corporation (Stryker) filed a Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida. See Notice at 1. In the Notice, Stryker asserts that this Court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332. See id. However, upon review of the Notice and the attached Complaint (see Doc. 1-2; Complaint), the Court finds that Stryker failed to allege sufficient facts to plausibly demonstrate that the parties are diverse. See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

Specifically, Stryker did not sufficiently allege the citizenship of Plaintiff Delores Sawl. See Notice ¶ 1. Stryker's Notice alleged that "Ms. Sawl is a resident and citizen of St. Johns County, Florida," citing to Plaintiff's Complaint, which states only that "Plaintiff is an individual and a resident of the [sic] St Johns County, State of Florida." See Complaint ¶ 2. The Notice later states, without additional citation, that "Plaintiff, at all times material to the instant lawsuit, [] was a citizen of the State of Florida, and a resident of St. Johns County, Florida." Notice at 4-5.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor, 30 F.3d at 1367. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is

absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Thus, the Notice failed to present allegations sufficient to invoke the Court's subject matter jurisdiction.

On December 9, 2019, Plaintiff filed a one-count amended complaint (Doc. 7; Amended Complaint) alleging a state law "strict products liability" claim against Defendant Howmedica Osteonics Corporation. See generally Amended Complaint. In the Amended Complaint, Plaintiff attempts to invoke this Court's jurisdiction under "28 U.S.C. §§ 1331, 1332, 1367 & 1343, and 42 U.S.C. § 300a-7(c) & (d)" (Id. ¶ 7) and under "28 U.S.C. §§ 2201 and 2202" (¶ 8), and further asserts that "[this] Court is authorized to issue injunctive relief pursuant to Fed. R. Civ. P. 65, and to award relief under 42. U.S.C. § 300a7(c) & (d), including but not limited to damages and attorneys fees [sic]. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 & 1367(a)." (Id.).

At the outset, the Court notes that the Amended Complaint makes a litany of jurisdiction-pleading errors, including the 28 U.S.C. § 1332 pleading error made in Defendant Stryker's Notice.[1] Specifically, Plaintiff only alleges that "Plaintiff is an individual

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-too-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id.

> Indeed, [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

and a *resident* of St Johns County, State of Florida." Amended Complaint ¶ 2 (emphasis added). Because citizenship—not residence—is what matters, this allegation is insufficient. Additionally, in the Amended Complaint Plaintiff fails to properly allege Defendant Howmedica Osteonic Corporation's citizenship for § 1332 purposes. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis removed). In the Amended Complaint Plaintiff alleges that "[u]pon information and belief, Defendant is a foreign profit corporation that sells and/or distributes its products in the State of Florida among other States," and "[u]pon information and belief, Defendant's principal address is: 25 Corporate Drive, Mahwah, NJ 07430." Amended Complaint ¶¶ 4 & 5. These allegations fall short as Plaintiff fails to allege either Defendant Howmedica Osteonic Corporation's state of incorporation or the state where it has its principal place of business. Further, allegations premised only on "information and belief" are plainly insufficient to establish the citizenship of a party as necessary to invoke this Court's subject matter jurisdiction. See, e.g., Payne v. Ivy, No. 6:18-cv-3-Orl-18KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018) ("Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations, however."); Matos-Cruz v. JetBlue Airways Corp., No. 6:17-cv-380-Orl-37TBS, 2017 WL 3268956, at *2 (M.D. Fla. Aug. 1, 2017) ("Courts have held that allegations concerning a party's citizenship based

---

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" how to properly allege federal diversity jurisdiction).

-4-

only 'on information and belief' are insufficient."); Principle Solutions, LLC v. Feed.ing BV, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013).

The Court turns to Plaintiff's remaining jurisdictional allegations.[2]  As noted above, the Amended Complaint contains only a state law claim for product liability.  See generally Amended Complaint.  Thus, 28 U.S.C. § 1331 plainly does not grant this Court jurisdiction over the instant action because the Amended Complaint contains no question of federal law.  See generally Amended Complaint; see also 28 U.S.C. § 1331 (granting district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States").  Plaintiff's citation to 28 U.S.C. § 1367 (providing for supplemental jurisdiction based on § 1332) is likewise unavailing.  See Amended Complaint ¶ 8. Assuming Plaintiff can appropriately prove that this Court has independent subject matter jurisdiction over her one-count Amended Complaint, there are no other claims over which the Court could choose to exercise supplemental jurisdiction.  See, e.g., 13D Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3567 Supplemental Jurisdiction— Background and Overview of 28 U.S.C.A. § 1367 (3d ed.) ("Obviously, supplemental jurisdiction is irrelevant if the claim under consideration invokes an independent basis of subject matter jurisdiction.").  Next, it remains wholly unclear from the Amended Complaint what allegations Plaintiff contends serve as the basis for Plaintiff's invocation of 28 U.S.C. § 1343.  The Amended Complaint simply does not allege any violations of civil rights or any basis for jurisdiction under § 1343. See generally Amended Complaint. Last, Plaintiff's citation to 42 U.S.C. § 300a-7 is even more bewildering. See Amended Complaint ¶¶ 7 &

---

[2] The Court notes that while Plaintiff's assertion that "[this] Court is authorized to issue injunctive relief pursuant to Fed. R. Civ. P. 65" may be true in a facile sense, any authority to issue injunctive relief is limited to cases over which the Court has subject matter jurisdiction.

8. Even a cursory review of the Amended Complaint reveals the stark mismatch of 42 U.S.C. § 300a-7 and the instant action. Section 300a-7 is titled "Sterilization or abortion," and does not appear to have any relevance to the products liability claim set forth in the Amended Complaint. See 42 U.S.C. § 300a-7 (prohibiting, inter alia, entities receiving aid under various federal acts from discriminating against health care personnel, and preserving an individual's right to refuse to perform any part of a health service program, etc., that would be contrary to his religious beliefs or moral convictions).

As such, despite the litany of jurisdictional bases identified by Plaintiff in the Amended Complaint, Plaintiff has failed to sufficiently allege that this Court has subject matter jurisdiction over this action.[3] Thus, the Court requires further clarification to establish its subject matter jurisdiction. At a minimum, Plaintiff must specify her state of citizenship, rather than merely her residence, and must properly and affirmatively allege the citizenship of the Defendant.

Accordingly, it is hereby

**ORDERED**:

Plaintiff Delores Sawl shall have up to and including **February 7**, **2020**, to

---

[3] The Court reminds counsel of the requirements of Rule 11, Federal Rules of Civil Procedure, and cautions that frivolous allegations that waste the Court's resources can result in the imposition of sanctions.

provide this Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.[4]

**DONE AND ORDERED** in Jacksonville, Florida on January 23, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 27
Copies to:

Counsel of Record
Pro Se Parties

---

[4] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-1317 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1222, 1227-28 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").